UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STARBUCKS CORPORATION a Washington corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>NEOMEDIA TECHNOLOGIES, INC. a Delaware corporation,<br><br>  Defendant. | No. 2:14-cv-00365<br><br>**STARBUCKS CORPORATION'S COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>**JURY DEMAND** |

## NATURE OF THE ACTION

1. Plaintiff Starbucks Corporation ("Starbucks") seeks a declaratory judgment that its products and services do not infringe U.S. Patent No. 8,131,597 (the "'597 patent") and that the '597 patent is invalid. A true and correct copy of the '597 patent is attached as Exhibit A.

2. This relief is necessary because Defendant NeoMedia Technologies, Inc. ("NeoMedia") has sent Starbucks letters accusing Starbucks of infringing the '597 patent. Defendant NeoMedia has also brought nine lawsuits against various entities for alleged patent infringement since 2012, and has threatened to do the same against Starbucks in its letters. Starbucks, however, does not infringe any claim of the '597 patent, and the claims of the '597 patent are invalid. Therefore, a substantial, continuing, and justiciable controversy exists between Starbucks and NeoMedia.

COMPLAINT FOR DECLARATORY
JUDGMENT- 1

## THE PARTIES

3. Plaintiff Starbucks is a corporation organized and existing under the laws of the State of Washington with its principal place of business and headquarters at 2401 Utah Avenue South, Seattle, Washington 98134.

4. Upon information and belief, Defendant NeoMedia is a Delaware corporation with its principal place of business at 100 West Arapahoe Avenue, Suite 9, Boulder, Colorado 80302.

## JURISDICTION AND VENUE

5. This action arises under the laws of the United States, in particular the Patent Act under Title 35 of the United States Code.

6. The Court has subject matter jurisdiction over this action and the matters pleaded herein under 28 U.S.C. §§ 1331 and 1338(a) because the action arises under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the Patent Act of the United States, 35 U.S.C. § 101 *et seq*.

7. An actual controversy exists between Plaintiff and Defendant through NeoMedia's assertion of its patent rights against Starbucks. In particular, NeoMedia contends that certain Starbucks' products and services bearing QR codes infringe one or more of NeoMedia's patents. Starbucks contends that it has the right to make, use, sell, and/or offer to sell its products and services in the United States, or import them into the United States unhampered by NeoMedia.

8. The Court has personal jurisdiction over NeoMedia because, among other things, NeoMedia has established minimum contacts with the forum such that the exercise of jurisdiction over NeoMedia will not offend traditional notions of fair play and substantial justice.

COMPLAINT FOR DECLARATORY
JUDGMENT- 2

**Perkins Coie** LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

9. Upon information and belief, NeoMedia is a company which, among other things, attempts to license its portfolio of issued patents and pending applications throughout the United States. Upon information and belief, in pursuit of its licensing campaign NeoMedia conducts business throughout the United States personally and through its agents, and actively transacts business in this judicial district in particular, including by attempting to license and litigate its patent portfolio.

10. Upon information and belief, NeoMedia also conducts business throughout the United States, and actively transacts business in this judicial district in particular, including by making its NeoReader® application ("app") available for download in Apple's App Store. Further upon information and belief, NeoMedia inserts its NeoReader app into this district with the intent that individuals in this district use said app in this district.

11. The Court has specific jurisdiction over NeoMedia because the cause of action arises directly from NeoMedia's contacts with Washington. NeoMedia contacted Plaintiff, a Washington corporation headquartered in Seattle, WA, by sending a demand letter directed to Starbucks' Seattle office on or about February 25, 2014 (attached as Exhibit B).

12. The February 25, 2014 letter contends that Starbucks infringes one or more of NeoMedia's patents, including at least the '597 patent, "under both theories of indirect infringement - inducing infringement . . . and contributory infringement . . . ." NeoMedia further contended that Starbucks' customers and potential customers directly infringed the '597 patent.

13. NeoMedia's February 25, 2014 letter also threatened to file a lawsuit against Starbucks by stating that "NeoMedia has also initiated patent infringement litigation against several companies. The actions are pending in the United States District Court for the District of Colorado.

COMPLAINT FOR DECLARATORY
JUDGMENT- 3

**Perkins Coie** LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Defendants as of the date of this letter include RE/MAX, Michaels Stores, and Dunkin' Brands Group, Inc.  We anticipate filing additional actions in the future, and you can monitor these filings through the PACER system."

14. In the February 25, 2014 letter, NeoMedia also stated that Starbucks' use of QR codes provided by Scanbuy, Inc. ("Scanbuy") prior to September 17, 2013 was licensed use, but that any use after September 17, 2013 allegedly infringed the '597 patent.

15. Starbucks responded to NeoMedia in a letter dated March 4, 2014 (attached as Exhibit C).

16. On or about March 10, 2014, NeoMedia's counsel contacted Starbucks again by sending a letter directed to Starbucks' Seattle, WA office (attached as Exhibit D).  The March 10, 2014 letter continued to allege that Starbucks infringes the '597 patent.  The March 10, 2014 letter also included a claim chart that purported to show "the manner in which [Starbucks' products and services, *e.g.*, an in-store display bearing QR codes,] infringe claim 1 of the '597 patent . . . ."

17. Upon information and belief and according to NeoMedia's March 10, 2014 letter, NeoMedia claims to have granted patent licenses to, among other companies, Microsoft Corporation, Kraft Foods Group, Inc., Skechers USA, Inc., The Kroger Co., Tyson Foods, Inc., ConAir Corporation, Krispy Kreme, Amtrak, Re/MAX, LLC, Rite Aid HDQTRS Corp., The Wendy's Company, and Walgreen Co.  Upon information and belief, the NeoMedia licensees listed above all conduct business in Washington and in this judicial district in particular.  Therefore, upon information and belief, NeoMedia derives licensing revenue from Washington, and from this judicial district in particular.

18. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b).

COMPLAINT FOR DECLARATORY
JUDGMENT- 4

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**FIRST CLAIM FOR RELIEF - Declaration of Noninfringement**

19. Defendant NeoMedia claims it is the owner of the '597 patent with all applicable rights to license and assert the '597 patent.

20. As described in paragraphs 9 to 17, which Starbucks incorporates here, NeoMedia has accused Starbucks and its customers and potential customers of directly and indirectly infringing the '597 patent by at least Starbucks' and its customers and potential customers' use of QR codes on Starbucks products, and NeoMedia threatened to bring a lawsuit against Starbucks.

21. Starbucks, however, does not infringe, has not infringed, and cannot infringe directly or indirectly any claim of the '597 patent.

22. Therefore, there is an actual, substantial, continuing, and justiciable controversy between Starbucks and NeoMedia regarding whether Starbucks infringes the '597 patent.

23. Accordingly, Starbucks is entitled to a declaratory judgment that it does not infringe any claim of the '597 patent.

**SECOND CLAIM FOR RELIEF - Declaration of Invalidity**

24. Starbucks incorporates paragraphs 1 through 23, above.

25. Based at least on its letters to Starbucks, NeoMedia claims the '597 patent is valid.

26. The '597 patent, however, is invalid for failure to comply with the requirements of Title 35 of the United States Code, including without limitation, one or more of §§ 101, 102, 103, and 112.

27. The '597 patent is invalid because, among other things, there is prior art, including but not limited to prior art not considered by the U.S. Patent and Trademark Office in issuing the patent, that anticipates and/or renders obvious the claims of the '597 patent.

COMPLAINT FOR DECLARATORY
JUDGMENT- 5

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

28. A substantial, continuing, and justiciable controversy, therefore, exists between Starbucks and NeoMedia regarding the invalidity of the '597 patent.

29. Starbucks seeks, and is entitled to, a declaratory judgment that all claims in the '597 patent are invalid.

## REQUEST FOR RELIEF

Starbucks respectfully requests the Court to enter judgment in its favor and against NeoMedia as follows:

A. For judgment that Starbucks does not infringe any valid claim of the '597 patent;

B. For judgment that all of the claims in the '597 patent are invalid;

C. For a preliminary and permanent injunction precluding NeoMedia, its officers, directors, employees, agents, and all other persons acting in concert or participation with them from suing for infringement or otherwise asserting infringement of the '597 patent against Starbucks;

D. For costs and reasonable attorneys' fees incurred in connection with this action;

E. For a finding that this case is exceptional; and

F. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Starbucks demands a trial by jury on all issues triable by a jury.

COMPLAINT FOR DECLARATORY
JUDGMENT- 6

| | |
|---|---|
| 1  DATED: March 12, 2014. | /s/ Stevan R. Stark |
| | Stevan R. Stark, WA Bar# 39639 |
| 2 | sstark@perkinscoie.com |
| | Perkins Coie LLP |
| 3 | 1201 Third Avenue, Suite 4800 |
| | Seattle, WA 98101 |
| 4 | Phone: 206-359-3029 |
| | Fax: 206-359-4029 |

Matthew C. Bernstein *(Pro Hac Vice Pending)*
mbernstein@perkinscoie.com
Joseph P. Reid *(Pro Hac Vice Pending)*
jreid@perkinscoie.com
Philip A. Morin *(Pro Hac Vice Pending)*
pmorin@perkinscoie.com
Di Zhang *(Pro Hac Vice Pending)*
dzhang@perkinscoie.com
Perkins Coie LLP
11988 El Camino Real, Suite 350
San Diego, CA 92130-2594
Phone: 858-720-5700
Fax: 858-720-5799

Attorneys for Plaintiff

Starbucks Corporation

COMPLAINT FOR DECLARATORY
JUDGMENT- 7