Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STARBUCKS CORPORATION a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>NEOMEDIA TECHNOLOGIES, INC. a Delaware corporation,<br><br>Defendant. | Civil Action No. 2:14-cv-00365-MJP<br><br>**PLAINTIFF STARBUCKS CORPORATION'S STIPULATED MOTION TO STAY PROCEEDINGS**<br><br>NOTE ON MOTION CALENDAR: MAY 16, 2014 |

Plaintiff Starbucks Corporation ("Starbucks") respectfully moves this Court for a stay of proceedings in this matter. Defendant NeoMedia Technologies, Inc. ("NeoMedia") does not oppose this motion.[1] Two actions filed after this one and pending in other jurisdictions are likely to have a significant (or potentially dispositive) impact on the resolution of this case. Principals of judicial economy and avoiding inconsistent rulings favor staying this case in favor of the other cases.

In February and March of 2014, NeoMedia sent Starbucks letters alleging that Starbucks' use

---

[1] NeoMedia is represented by David Berten and Alex Debski of Global IP Law Group, LLC, a law firm based in Chicago. NeoMedia has not yet retained local counsel in Washington. On February 24, 2014, Messrs. Berten and Debski contacted the undersigned counsel regarding staying this case. Messrs. Berten and Debski reviewed this motion and agree a stay should be entered, with NeoMedia's understanding that it may end up challenging personal jurisdiction in this Court if and when the stay is lifted.

PLAINTIFF'S STIPULATED MOTION TO STAY PROCEEDINGS
(14CV365)                                   1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

of QR Codes provided by a third party, Scanbuy, Inc. ("Scanbuy") infringed NeoMedia's U.S. Patent No. 8,131,597. On March 12, 2014, Starbucks filed this action seeking a declaration that it does not infringe the '597 patent and that the '597 patent is invalid. (Docket No. 1). On March 21, 2014, Scanbuy filed a separate action in Delaware Chancery Court alleging that NeoMedia's letters were false and misleading and seeking a declaration that Scanbuy's QR Codes are licensed and thus do not infringe the claims of certain of NeoMedia's patents, including the '597 patent. NeoMedia moved to dismiss Scanbuy's Delaware action on the grounds that a contract between Scanbuy and NeoMedia required such actions to be brought in Georgia. On May 7, 2014, NeoMedia filed its own action asserting infringement of certain of its patents, including the '597 patent, against Scanbuy in the Northern District Court of Georgia.

## ARGUMENT

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 154-55 (1936). A stay may be appropriate when separate proceedings related to the suit are pending in another forum. *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).

A court determining whether to grant a stay "must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55. The Ninth Circuit has articulated that the interests to be weighed include: "the possible damage which may result from granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice

PLAINTIFF'S STIPULATED MOTION TO
STAY PROCEEDINGS
(14CV365)    2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

measure in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). In this case, all three factors weigh heavily in favor of staying the instant proceeding.

1. <u>Defendant NeoMedia Does Not Oppose a Stay</u>

Given that Defendant NeoMedia first approached Starbucks regarding the stay and given NeoMedia does not oppose a stay to this proceeding, there will be no damage to NeoMedia if a stay is granted. Thus, this factor favors a stay.

2. <u>Absent a Stay, Both Starbucks and NeoMedia May Bear Unnecessary Burden Litigating a Needless and Complicated Patent Infringement Trial</u>

Starbucks is seeking a declaratory judgment that its services and products, including services and products that it sources from Scanbuy do not infringe the claims of NeoMedia's '597 patent. Shortly after the filing of this action, Scanbuy and NeoMedia each filed their own actions against each other that essentially seek resolution of the same question. Therefore, it is more logical to allow the actions between Starbucks' supplier (Scanbuy) and NeoMedia to proceed than to proceed with this action between a Scanbuy customer (Starbucks) and NeoMedia.

This litigation is in its nascent stages. No responsive pleading is due until May 23, 2014, and other, early-stage deadlines do not start until mid-June. No discovery has been conducted or initiated. Given the extremely early stage of this litigation, a stay would potentially avoid needless and complex litigation efforts and expenses. A stay at this juncture would also save the parties and the Court from addressing potentially irrelevant issues, while intervening developments or resolution of the direct actions between NeoMedia and Scanbuy may eliminate the need for either party to brief such issues and for the Court to resolve them.

PLAINTIFF'S STIPULATED MOTION TO
STAY PROCEEDINGS
(14CV365)

3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

3. <u>A Stay Is Likely to Eliminate or Greatly Simplify Remaining Issues, Promoting Judicial Economy</u>

The last factor—whether a stay may simplify the issues, proof or questions of law involved—favors a stay of this action. As discussed above, the primary question in this case is whether the products and services provided by Scanbuy to Starbucks infringe NeoMedia's '597 patent. Scanbuy's alleged infringement of the '597 patent is directly at issue in NeoMedia's action against Scanbuy. It is also central (at a minimum, by implication) in Scanbuy's action against NeoMedia.

A decision or significant event such as claim construction or summary judgment in either of the other pending litigations has the potential to eliminate or, at the very least, simplify the issues, proof, or questions of law that would remain in this action. Therefore, staying this proceeding will promote "economy of time and effort for [the Court], for counsel, and for litigants." *Landis*, 299 U.S. at 254.

**CONCLUSION**

For all of the foregoing reasons, Starbucks respectfully requests that the Court stay the proceedings in this matter pending a motion to lift the stay made by either party to this action.

PLAINTIFF'S STIPULATED MOTION TO
STAY PROCEEDINGS
(14CV365)

4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

| | |
|---|---|
| DATED: May 16, 2014 | By: *s/ Joseph P. Reid* |
| | Stevan R. Stark, WA Bar# 39639 |
| | Perkins Coie LLP |
| | 1201 Third Avenue, Suite 4800 |
| | Seattle, WA 98101 |
| | Phone: 206-359-3029 |
| | Fax: 206-359-4029 |
| | E-mail:  sstark@perkinscoie.com |
| | |
| | Matthew C. Bernstein *(Pro Hac Vice)* |
| | Joseph P. Reid *(Pro Hac Vice)* |
| | Philip A. Morin *(Pro Hac Vice)* |
| | Di Zhang *(Pro Hac Vice)* |
| | Perkins Coie LLP |
| | 11988 El Camino Real, Suite 350 |
| | San Diego, CA 92130-2594 |
| | Phone: 858-720-5700 |
| | Fax: 858-720-5799 |
| | E-mail: mbernstein@perkinscoie.com |
| | jreid@perkinscoie.com |
| | pmorin@perkinscoie.com |
| | dzhang@perkinscoie.com |
| | |
| | Attorneys for Plaintiff |
| | |
| | Starbucks Corporation |

PLAINTIFF'S STIPULATED MOTION TO STAY PROCEEDINGS
(14CV365)

5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**CERTIFICATE OF SERVICE**

I hereby certify that on May 16, 2014, the foregoing was served via electronic mail, and U.S. mail to the following:

GLOBAL IP LAW GROUP, LLC
David Berten
dberten@giplg.com
Alex Debski
adebski@giplg.com
233 S. Wacker Drive
92nd Floor
Chicago, Illinois 60606
Tel:   312.241.1500
Fax:   312.241.1522

By:   *Joseph P. Reid*
          Joseph P. Reid

PLAINTIFF'S STIPULATED MOTION TO STAY PROCEEDINGS (14CV365)

6

**Perkins Coie** LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000